**MARKOWITZ** et v
**RETAIL DRY CLEANERS UNION** et

Ohio Common Pleas, Cuyahoga Co

No 431777.   Decided Aug 23, 1935

446

**OPINION**

By JOY SETH HURD, J.

After a thorough review of all of the authorities on this subject we are obliged to answer this question in the negative. It has frequently been held by courts of various jurisdictions that any acts of an organization, whether the organization be a labor union or an employers' association or a group of persons engaged in the same industry or enterprise to combine for the purpose of maintaining or compelling the price or prices at which commodities shall be sold is a combination in restraint of trade and therefore illegal. And a strike or boycott to compel an employer to charge a certain minimum price for his product is frowned upon by the courts. Standard Engraving v Boltz, 193 N. Y. Supplement, 831; Ellis v Journeymen's Barber Union, 194, page 1179.

The court finds from all of the evidence that there is not in the instant case any dispute between the employers, the plaintiffs in this case, and their employees. In fact the evidence discloses that they have only one employee who either is a member of the union or has made application to become a member of the union.

The court also finds there is no dispute between the defendants and the plaintiffs on any question other than the prices at which the services of the plaintiffs shall be sold, so that this situation does not present

a case of conflict between employee on the one side and labor on the other or between the employer on one side and the employe on the other. There is no strike in progress. The employees have no grievance. Consequently, we are led irresistibly to the conclusion that there is not in the instant case any "legitimate trade dispute."

The plaintiffs in this case have the right to conduct their business without unlawful interference. They have the right to charge for their goods and services such price or prices as in their judgment they deem best. The defendants have the. right to combine in an association to promote the business interests of their members and to discuss ways and mean of improving their respective businesses and the working conditions of their members, but they do not have the right to restrain trade or arbitrarily to fix, control, or raise prices, and they do not have the right to require the plaintiffs to increase their prices, or the right to compel them to join their associations. It follows, therefore, that any acts of the defendants performed for the purpose of compelling the plaintiffs to fix prices are unlawful.

Counsel have filed very able briefs in support of their contentions in this case. Counsel for the defendants rely on a number of cases, one of which is the case of McCormic v Local Union, 13 C.C. (N.S.), 545, wherein it is held that:

"Peaceable persuasion and argument, oral, printed or written, by members and officers of labor unions to direct patronage from a hotel claimed by them to be 'unfair to labor' will not be enjoined as an unlawful boycott."

We are of the opinion that the McCormic case does not support the contentions of the defendants in the instant case. The majority opinion of the Court of Appeals sustained the granting of the temporary restraining order. Counsel call attention to the dissenting opinion of Judge Kinkead. Of course the dissenting opinion cannot be held to be the law of the case. However, no question of price of goods or services are involved in that case. Consequently, any decisions in respect thereof can have no application to the instant case.

Counsel also rely upon the case of Clark Lunch Co. v Cleveland Waiters' and Beverage Dispensers' Local No. 108, 22 Oh Ap page 265. While there was no dispute in that case between the employer and its employees, the court held that:

"Where restaurant refused proposal of union that it employ union labor, union had right in lawful way to infuence and control patronage of members and friends in favor of themselves and those with whom they had contracts."

It will be noted that in the Clark case while there was not any dispute between the employer and employees the court held there was a "legitimate trade dispute" between the Waiters Local Union and the employer. However, again we must point out that in that case there was no question of prices of goods involved. The union was not complaining about the prices which Clark Co. charged for its meals and was not insisting upon any action upon the part of the Clark Company in not raising its prices for meals. It is true that in the Clark case none of the employes of the restaurant were actually striking or participating in the strike. That is true in the instant case. The point of difference is in the contention of the defendants in this case that they have a right or claim of right to picket or boycott due to the refusal of the plaintiffs herein to increase their prices for goods and services. Counsel claims that in the last several years courts in various jurisdictions have expended broadly the use of picketing in trade disputes. This is true, particularly in New York State, and our own Supreme Court in the case of LaFrance Electrical Company v Electrical Workers' Union, 108 Oh St, page 61, has sustained the right of peaceable picketing; but this right has one necessary predicate; namely that there be a "legitimate trade dispute."

A review of all cases on this subject fails to disclose any case where the maintenance of any schedule of prices or a demand therefor forms a basis for a legitimate trade dispute. There is not anything in this case involving the right of free speech, freedom of the press, or free assemblage. Neither, as above stated, is there any dispute involving a conflict between employe and labor or between employer and employe. Considered in its final analysis it is a demand upon the part of the defendant organizations that the plaintiffs meet their demands with respect to the price or prices to be charged for goods or services. This is an illegal interference with the business of the plaintiffs.

In the LaFrance Electrical case, above quoted, the court stated:

"Equality of justice demands that in any controversy the rights of all parties be scrupulously maintained. The right of

workmen to be employed, irrespective of union membership, must be maintained; the right of the employer to conduct his business without illegal interference must be upheld; and legal means employed by strikers must not be curtailed. Among the latter are the right of peaceful picketing, the peaceful persuasion of employes to terminate contracts at will, and the peaceful persuasion of expectant employes not to accept work with the employer in question."

With this statement of principle we are in full accord.

An interesting decision and opinion was given by Supreme Court Justice Wannamaker in the case of **Jackson et v Berger, 92 Oh St, page 131.** Quoting the message of Abraham Lincoln to Congress under date of December 3, 1861, the court says, as follows:

"Labor is prior to, and independent of, capital. Capital is only the fruit of labor, and could never have existed if labor had not first existed. Labor is the superior of capital, and deserves much the higher consideration. Capital has its rights, which are as worthy of protection as any other rights. Nor is it denied that there is, and probably always will be, a relation between labor and capital producing mutual benefits."

With the aims of organized labor for the purpose of improving the condition of labor we are in full accord but labor organizations or affiliates thereof or trade associations must comply with the law just the same as all other citizens. Before the law all citizens are equal and no matter how laudable or desirable a purpose may be that purpose must be accomplished by a peaceful means within the law. An attempt by picketing, boycotting or otherwise to maintain or to increase prices of goods, services or materials is in restraint of trade and contrary to law.

"A strike or boycott to compel an employer to charge a certain minimum price for its product or service is illegal and the act of a labor union in prescribing a minimum price at which the employer can sell his product with threats or strikes if sales are made at a lower price has been held to violate a statute declaring illegal a combination whereby competition and the price of a product used in the conduct of trade, commerce or manufacture are restrained."

"Oaks on Organized Labor and Industrial Conflicts, page 389, §288."

Holding these views, the prayer of the plaintiffs' petition must be granted. A temporary order will therefore issue restraining the defendants from picketing the premises of the plaintiff or from doing any other act or thing toward compelling the plaintiffs to charge minimum prices for their goods or services, or preventing the plaintiffs from advertising prices for their goods or services. Decree of court accordingly. Order see Journal.